**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ELMER GARCIA,**

                                  **Plaintiff,**

    **vs.**                                                        **9:25-CV-354**
                                                                   **(MAD/MJK)**

**SGT. NEAL, JOHN DOE #1, and JOHN DOE #2,**

                                  **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**ELMER GARCIA**
24-B-1735
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
*Pro se* Plaintiff

**OFFICE OF THE NEW YORK**              **OLIVIA R. COX, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Elmer Garcia filed a complaint, *pro se*, on March 20, 2025.  *See* Dkt. No. 1.

Plaintiff alleges that on October 9, 2024, while he was housed at Greene Correctional Facility,

Defendant Sergeant Neal and two John Doe corrections officers ("Defendant" or "Defendant

Neal"), physically assaulted him.  *See id.*  Plaintiff seeks to bring an Eighth Amendment excessive

force claim pursuant to 42 U.S.C. § 1983.  *See id.*  Plaintiff also filed a motion to proceed *in*

*forma pauperis* ("IFP").  *See* Dkt. Nos. 2, 5, 6.  On May 8, 2025, the Court granted Plaintiff's IFP

1

motion, permitted Plaintiff's complaint to proceed past initial review, and ordered that the complaint and summonses be served. *See* Dkt. No. 8. Defendant Neal filed his answer to the complaint on July 14, 2025. *See* Dkt. No. 15.

On February 13, 2026, Plaintiff filed a motion to compel in which he sought permission to examine medical records, use of force reports, and Office of Special Investigation reports. *See* Dkt. No. 18. On March 3, 2026, Defendant requested an extension of time to file a response, *see* Dkt. No. 19, which Magistrate Judge Katz granted, *see* Dkt. No. 20. On March 16, 2026, Defendant filed a motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies. *See* Dkt. No. 21. Plaintiff's response deadline was set for April 6, 2026. *See* Dkt. No. 11. On April 1, 2026, Defendant filed an opposition to Plaintiff's motion to compel. *See* Dkt. No. 23. The next day, on April 2, 2026, Plaintiff filed a letter requesting additional time to respond to Defendant's summary judgment motion. *See* Dkt. No. 24.

One day after Plaintiff's response deadline expired, on April 7, 2026, Magistrate Judge Katz issued an Order & Report-Recommendation, recommending that Defendant's motion for summary judgment be granted without prejudice and that Plaintiff's motion to compel and request for additional time to respond be denied as moot. *See* Dkt. No. 25. Plaintiff subsequently filed a letter requesting an extension of time to file a reply in further support of his motion to compel and objections to the Order & Report-Recommendation. *See* Dkt. Nos. 26, 27. Defendant responded in opposition to Plaintiff's objections. *See* Dkt. No. 28.

For the reasons that follow, the Order & Report-Recommendation is adopted in its entirety and Plaintiff's complaint is dismissed without prejudice.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citation omitted).  When a party declines to file objections, or "fails to properly object[,]" the district court reviews the recommendations for clear error.  *Id.* at 358-59.  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard.  *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003).  The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*."  *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Magistrate Judge Katz concluded that Plaintiff failed to exhaust his administrative remedies before filing his complaint on March 20, 2025, because he did not wait for a response to his grievance from the final level of administrative review, the Central Office Review Committee

3

("CORC").  *See* Dkt. No. 25 at 10-12.[1]  Defendant argued that Plaintiff filed his complaint six

"days before the CORC's 30-day deadline expired," which required dismissal.  Dkt. No. 21-5 at

10.  Magistrate Judge Katz agreed.  *See* Dkt. No. 25 at 10-11.

Plaintiff presents specific objections to Magistrate Judge Katz's recommendation to grant

Defendant's summary judgment motion.  *See* Dkt. No. 27.  The Court, therefore, reviews the

exhaustion issue *de novo*.[2]

Plaintiff argues in his objections that he "has material facts to dispute the defendant's

motion for summary judgment," *id.* at 1, but the Court disagrees.  The facts underlying the

exhaustion issue are undisputed, which is demonstrated by Plaintiff and Defendant submitting

identical exhibits.

The parties agree that Plaintiff filed a grievance related to the alleged October 9, 2024,

assault around October 31, 2024.  *See* Dkt. No. 1 at 8; Dkt. No. 21-4 at ¶ 21.  The Inmate

Grievance Program ("IGP") Superintendent informed Plaintiff that his grievance was forwarded

to the Office of Special Investigation.  *See* Dkt. No. 21-3 at 14.  That response is dated November

6, 2024, and Plaintiff signed it, noting his desire to appeal on December 24, 2024.  *See id.*  On a

"Receipt of C.O.R.C. Appeal" form, it indicates that Plaintiff's "Date Appealed to C.O.R.C." was

December 24, 2024.  Dkt. No. 1 at 8; Dkt. No. 21-3 at 11.  Plaintiff's appeal was returned to him

from the IGP Supervisor on January 2, 2025, as untimely.  *See* Dkt. No. 27 at 5.  Plaintiff wrote a

---

[1] Neither party objects to Magistrate Judge Katz's explanation of the process that exists in New York prisons for the filing of grievances.  *See* Dkt. Nos. 27, 28.  The Court finds no clear error in those portions of the Order & Report-Recommendation and assumes the parties' familiarity with the same.

[2] In his reply, Defendant argues Plaintiff failed to show good cause for why he should be granted an extension of time to file his response to the summary judgment motion.  *See* Dkt. No. 28 at 4-5.  The Court declines to address this argument as it is considering the exhaustion issue *de novo*.

letter on January 18, 2025, explaining that he did not receive the Superintendent's decision until December 24, 2024, which he appealed the same day. *See id.* at 6. On January 20 and February 3, 2025, DOCCS employees engaged in a back-and-forth e-mail exchange in which they agreed that Plaintiff's grievance should be re-opened because Plaintiff "was sent to another facility for a bit which is why he didn't receive [the Superintendent's response] timely." *Id.* at 7-8; Dkt. No. 21-2 at 23-24.

In his objections, Plaintiff argues that February 3, 2025, should be the date used for his appeal to CORC which would make his complaint filed in this Court on March 20, 2025, timely and appropriate. *See* Dkt. No. 27 at 1.

The "Grievance Clerk" signed Plaintiff's appeal on February 22, 2025, and indicated "Facility Lockdown." Dkt. No. 21-3 at 14. Defendant avers there was a facility lockdown because of "the DOCCS corrections strike" between February 17 and March 10, 2025. Dkt. No. 21-5 at 5. On a "Case History and Record Cover Sheet" IGP stamped the page as "received" on February 25, 2025, with a signature date of February 22, 2025. Dkt. No. 21-2 at 12. Defendant argues that based on the February 25, 2025, receipt date, "Plaintiff needed to have waited to commence this action until at least March 26, 2025." Dkt. No. 21-5 at 10.

In his objections, Plaintiff argues the IGP Supervisor failed to forward his appeal to CORC within seven days after it was reopened on February 3, 2025, "[s]o, the plaintiff had until March 10, 2025, to commence this civil action in federal court." Dkt. No. 27 at 2. Plaintiff is correct that one portion of the administrative process requires that "[t]he supervisor must forward appeals within seven calendar days to the CORC." N.Y. Comp. Codes R. & Regs., tit. 7, § 701.5(d)(1)(ii).

Defendant admits in its statement of material facts, "[t]he IGP Supervisor must forward appeals within 7 calendar days to CORC."  Dkt. No. 21-4 at ¶ 17 (citing declarations from DOCCS personnel).  Defendant does not dispute that the IGP Supervisor was instructed to reopen Plaintiff's grievance on February 3, 2025, and CORC did not stamp the appeal as received until February 25, 2025.[3]  However, Defendant points to a separate provision of the regulations which states that "[i]f a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC."  N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(i).  Defendant also relies on the part of the regulations that requires CORC to "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the grievant, the grievance clerk, the superintendent, and any direct parties within *30 calendar days* from the time the appeal *was received*."  *Id.* § 701.5(d)(3)(ii) (emphasis added).  Defendant argues that Plaintiff failed to exhaust his administrative remedies because he did not contact the IGP Supervisor after failing to receive a notice of receipt response within forty-five days of filing his appeal nor did Plaintiff wait thirty days before filing his complaint in this Court after CORC received the appeal.  *See* Dkt. No. 28 at 5-7.

Plaintiff does not dispute that he failed to write to the IGP Supervisor within forty-five days of filing his appeal or that he failed to wait to file his complaint until thirty days after CORC

---

[3] In his motion for summary judgment, Defendant noted that when the CORC appeal was processed, it indicated "facility lockdown" on the signature line and that the DOCCS corrections strike commenced on February 17, 2025. *See* Dkt. No. 21-5 at 5. Defendant does not explain how a strike that began fifteen days after the IGP Supervisor stated an intention to re-open Plaintiff's grievance impacted the Supervisor's duty to forward the appeal to CORC within seven days.

received his appeal.  Plaintiff's failure to dispute these facts means that he did not exhaust his administrative remedies and summary judgment should be granted in Defendant's favor.

The Second Circuit has held that "because the DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations." *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020). However, a plaintiff does not exhaust his administrative remedies when he has failed to contact the IGP Supervisor to inquire about the status of his appeal or has failed to wait thirty days after the appeal has been received by CORC to file a complaint. *See Jackson v. West*, No. 9:23-CV-306, 2025 WL 1033787, *11 (N.D.N.Y. Feb. 20, 2025), *R. & R. adopted*, 2025 WL 814966 (N.D.N.Y. Mar. 14, 2025) ("[T]he record is devoid of any indication that Plaintiff followed up with the [facility] IGP supervisor to confirm that the appeal was filed and transmitted to CORC when he did not receive written confirmation within forty-five days that his appeal was received") (citations and quotation marks omitted); *Santiagocruz v. Doe #4*, No. 9:21-CV-806, 2023 WL 9600956, *7 (N.D.N.Y. Dec. 15, 2023), *R. & R. adopted sub nom. Santiagocruz v. Gordon*, 2024 WL 532499 (N.D.N.Y. Feb. 8, 2024) ("CORC is required to provide, through IGP staff, written confirmation that an appeal has been received, and if the [incarcerated individual] does not receive such confirmation within forty-five days, he should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC") (citations and quotation marks omitted).

District courts have consistently concluded as such. *See also Ruiz v. Link*, 20-CV-235, 2022 WL 3020254, *4 (S.D.N.Y. July 29, 2022); *Bowie v. Woodruff*, No. 9:1-8CV-266, 2019 WL 7606078, *6 (N.D.N.Y. Sept. 20, 2019), *R. & R. adopted*, 2019 WL 5445519 (N.D.N.Y. Oct. 23,

2019); *Shabazz v. Bailey*, No. 9:20-CV-57, 2023 WL 5779533, *7 (N.D.N.Y. June 28, 2023), *R. & R. adopted*, 2023 WL 5622049 (N.D.N.Y. Aug. 31, 2023), *aff'd*, No. 23-7252, 2025 WL 272602 (2d Cir. Jan. 23, 2025); *Teaque v. Mullen*, No. 9:18-CV-1412, 2019 WL 8589277, *7-8 (N.D.N.Y. Dec. 17, 2019), *R. & R. adopted*, 2020 WL 858355 (N.D.N.Y. Feb. 21, 2020).

This is not a situation where the regulations fail to provide Plaintiff with an answer as to what he is supposed to do next in the grievance process. *See Hayes*, 976 F.3d at 271 ("[T]here simply were no further steps under the regulations that [the plaintiff] could have taken to obtain relief on most of his grievances" after the CORC received his appeals). The regulations instruct Plaintiff to write to the IGP Supervisor if he does not receive notice that his appeal was received within forty-five days of filing the appeal. *See id.* at 269 n.7 ("[T]he status check provision [] provides an inmate with a mechanism to see if the supervisor 'filed and transmitted' the appeal 'to [the] CORC.'" . . . It does not allow the inmate to compel or otherwise prompt a decision from the CORC. Moreover, because a supervisor could confirm that she transmitted the appeal simply by consulting her own records, the status check provision does not even require the supervisor to contact the CORC at all").

Plaintiff signed his notice of appeal on December 24, 2024. *See* Dkt. No. 1 at 8; Dkt. No. 21-3 at 14. He should have written to the IGP Supervisor after February 7, 2025—forty-five days later—to inquire about the status of his appeal. He did not do so. Once CORC did process receipt of Plaintiff's appeal on February 25, 2025, he then had to wait until thirty days passed wherein he did not receive a response before he could file his complaint. He did not wait long enough and filed his complaint on March 20, 2025. *See* Dkt. No. 1. As such, Plaintiff failed to exhaust his administrative remedies. *See Hayes*, 976 F.3d at 270 ("Hayes waited only 26 days after the CORC *received the appeal* of his grievance against the superintendent, four days short of

the 30-day deadline for the CORC to respond. . . . While Hayes need not wait indefinitely after the agency fails to follow its own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit") (emphasis added).

The question then turns to the appropriate remedy. Magistrate Judge Katz recommended dismissal of Plaintiff's complaint without prejudice so that Plaintiff may be free to reinstitute his lawsuit. *See* Dkt. No. 25 at 12-13. CORC responded to Plaintiff's appeal during the pendency of this action; therefore, his administrative remedies have now been exhausted. *See* Dkt. No. 21-5 at 5. Without explanation or argument, Defendant requests that the complaint be dismissed with prejudice. *See* Dkt. No. 21-5 at 11.

"'Ordinarily, the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint.'" *Animashaun v. Afify*, 470 F. Supp. 3d 294, 297 (W.D.N.Y. 2020) (quoting *Brown v. Napoli*, 687 F.Supp.2d 295, 298 (W.D.N.Y. 2009)). The Second Circuit has noted that "it is well-settled that '[s]ubsequent exhaustion after suit is filed . . . is insufficient' and 'will not save a case from dismissal.'" *Hayes*, 976 F.3d at 272 (quoting *Neal v. Goord*, 267 F.3d 116 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002)); *see also Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:14-CV-124, 2016 WL 3661434, *13 (N.D.N.Y. July 5, 2016), *aff'd*, 692 Fed. Appx. 668 (2d Cir. 2017) (summary order) ("It is well established that [r]eceiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citation and quotation marks omitted). "Although the Court is sympathetic to the fact that it was the inmate grievance office that failed to [timely] transmit

Plaintiff's appeal to CORC . . ., Plaintiff is also at fault for not taking any further action during this time period." *Gizewski*, 2016 WL 3661434, at \*13.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order & Report-Recommendation (Dkt. No. 25) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice to Plaintiff refiling his lawsuit**; and the Court further

**ORDERS** that Plaintiff's letter motion requesting an extension of time to file a reply to his motion to compel (Dkt. No. 26) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 15, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge